Citation Nr: 1527863 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 12-02 199 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to a one-time payment from the Filipino Veterans Equity Compensation (FVEC) Fund.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and grandson


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 
INTRODUCTION

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 administrative decision by the by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines. 

In connection with this appeal, the appellant and grandson testified at a hearing before the undersigned Veterans Law Judge at the RO in January 2013. A transcript of that hearing has been associated with the claims file. 

This case was previously before the Board in October 2013, at which time the issue currently on appeal was denied. The appellant appealed that decision to the United States Court of Appeals for Veterans Claims. In a February 2015 Order, the Court granted a Joint Motion of the parties and remanded the case to the Board for action consistent with the Joint Motion. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900 (c) (2014). 


REMAND

The Board finds that additional development is required before the appellant's claim is decided. 

The RO has undertaken efforts to determine whether the appellant had service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. The RO requested service verification on several occasions from the National Personnel Records Center (NPRC) in accordance with policies and procedures in place at that time. 

The United States Court of Appeals for Veterans Claims has taken judicial notice of a Memorandum of Agreement (MOA) between the Department of the Army and the National Archives and Records Administration (NARA) that purported to transfer "responsibility for providing reference services on the collection of Philippine Army files and archives buildings" to NARA indefinitely, and determined that it was unclear whether the MOA assigned NARA the authority to make administrative determinations verifying service, or assigned NARA the duty to act simply as a reference librarian. The Court found that the ambiguity in the MOA precluded it from finding that the Department of the Army delegated its duty to make administrative determinations verifying service to NARA, or its agency, the NPRC. Therefore, the Court held that absent evidence of a statutorily delegated duty, the plain meaning of 38 C.F.R. § 3.203(c) required verification of service from the relevant service department. Tagupa v. McDonald, 27 Vet. App. 95 (2014). 

Therefore, because the verifications of service issued by NPRC do not meet the criteria of 38 C.F.R. § 3.203(c), this case must be remanded for verification of service by an appropriate United States service department or an agency to which the authority has been properly delegated.

Accordingly, the case is REMANDED for the following action:

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.

1. Conduct the appropriate development to verify whether the appellant had service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces, to include verification of service by an appropriate United States service department or agency to which the authority has been properly delegated. 

2. Then, readjudicate the claim. If any decision is adverse to the appellant, issue a supplemental statement of the case and allow the appropriate time for response. Then return the claim to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).